UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.:   17-30435 (AMN) |
| SARALYN A. WRIGHT, | : | Chapter No.: 13 |
| *Debtor* | : | Re:   ECF Nos. 69 and 85 |

## MEMORANDUM OF DECISION SUSTAINING OBJECTION TO CONFIRMATION OF DEBTOR'S FIFTH AMENDED PLAN

Before the Court is the debtor's Fifth Amended Chapter 13 Plan (the "Plan") and an objection to confirmation by the Unites States Department of Education ("USDOE")(the "Objection"). ECF Nos. 69, 85. The Plan proposed as a non-standard plan provision that "Unsecured Student Loans Claims in favor of the U.S. Department of Education (Claims No. 22-30) shall be modified such that interest shall not accrue during the pendency of this Chapter 13 case." ECF No. 69. The USDOE filed proofs of claim totaling $141,038.60[1] for pre-petition educational loans. The Debtor concedes that the USDOE claims are non-dischargeable claims pursuant to 11 U.S.C. § 523(a)(8). The effect of the proposed Plan treatment of the USDOE claims would be to effectively discharge the portion of the interest that would normally accrue during the five-year term of the Plan. The treatment would also have the effect of providing the Debtor with a better chance to obtain a fresh start.

The Debtor relies primarily on a 1998 district court case from New Mexico to support her proposed treatment the USDOE's claims in the Plan. *See, In Re Wasson*, 152 B.R. 639 (Bankr. D. NM 1998). However, with "the exception of *Wasson*, every court that has addressed the issue has determined that interest may accrue on

---

[1]   As of March 2019, Debtor owed $154,120.28 in principal with outstanding interest of $10,009.46.

1

nondischargeable student loans during the pendency of a Chapter 13 bankruptcy plan." *Leeper v. Pa. Higher Educ. Assistance Agency*, 49 F.3d 98, 103 (3d Cir. 1995) (citing *Jordan v. Colorado Student Loan Program (In re Jordan)*, 146 B.R. 31, 32-33 (D. Colo. 1992) (affirming denial of debtor's motion to confirm a Chapter 13 plan based on creditor's objection that the plan improperly provided that interest on the debtor's non-dischargeable student loans would be tolled while the bankruptcy was pending); *In re Ridder*, 171 B.R. 345, 346-47 (Bankr. W.D. Wis. 1994) (post-petition interest on a nondischargeable student loan may be collected after bankruptcy concluded); *see also In re Crable*, 174 B.R. 62, 63 (Bankr. W.D. Ky. 1994) (permitting accrual of post-petition interest on nondischargeable debt for child support during pendency of Chapter 13 proceeding and noting that cases involving student loans are analogous).

While generally, with the exception of a mortgage on a primary residence, bankruptcy courts may modify both secured and unsecured debts, the source of that extraordinary power does not address dischargeability of claims. *See, United Student Aid Funds v. Taylor (In re Taylor)*, 223 B.R. 747, 752 (B.A.P. 9th Cir. 1998)(citing 11 U.S.C. § 1322(b)(2)). Section 1322(b)(2) does not govern the dischargeability of student loan debts in a Chapter 13 bankruptcy case. *Taylor,* 223 B.R. at 752. The USDOE points out that even if a student loan is modified by a Chapter 13 plan to allow for partial repayment during the term of the plan, § 1328(a)(2) specifically excepts student loans from discharge. *See, In re Taylor*, 223 B.R. at 752 (citing *In re Mammel*, 221 B.R. 238, 241 (Bankr. N.D. Iowa 1998)(stating that § 1322(b)(2) allows for modification, but the dischargeability of student loan debts are governed by § 523(a)(8)). "Therefore, even if a student loan debt is modified by a chapter 13 plan, the unpaid portion of the student

2

loan debt survives bankruptcy." *In re Taylor*, 223 B.R. at 752 (citing *Dolph v. Pennsylvania Higher Educ., Assistance Agency*, 215 B.R. 832, 835 (B.A.P. 6th Cir. 1998)). "Creditors may still recover the unpaid portion of the student loan personally from the debtor outside of bankruptcy." *In re Taylor*, 223 B.R. at 752 (*citing In re Pardee*, 218 B.R. 916, 920-21 (B.A.P. 9th Cir. 1998)). "Consequently, § 1322(b)(2) allows for modification of student loans within a chapter 13 plan, but it does not authorize bankruptcy courts to partially discharge student loans." *In re Taylor*, 223 B.R. at 752.

I am persuaded that the interest accruing on non-dischargeable student loans is also non-dischargeable.[2] To the extent the Debtor's Chapter 13 Plan would have the effect of permanently modifying the amount of the USDOE's non-dischargeable claim for both principal and interest – as opposed to modifying the amount of any required monthly payment during the term of the plan -- I conclude it cannot be confirmed.

The Court cannot confirm a Chapter 13 plan that effectively discharges part of a non-dischargeable debt without an adversary proceeding, and without making the findings and conclusions required by 11 U.S.C. § 523(a)(8). *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010) (holding that a "Chapter 13 plan that proposes to discharge a student loan debt without a determination of undue hardship violates §§ 1328(a)(2) and 523(a)(8)"). "The Federal Rules of Bankruptcy Procedure require bankruptcy courts to make this undue hardship determination in an adversary proceeding, see Rule 7001(6), which the party seeking the determination must

---

[2] I note the Debtor's Chapter 13 Plan does not seek to discharge either the USDOE loan principal or unpaid interest, although the parties' briefing was focused on this question as a result of the provision stating that interest would not accrue. Had the Chapter 13 Plan sought to apply all plan payments to principal only, and to have accruing interest remain due and payable at the conclusion of the five-year plan period given the Debtor here concedes that the claims are non-dischargeable, it is unclear if that would have been permissible under 11 U.S.C. § 1322(b)(3).

3

initiate by serving a summons and complaint on his adversary, see Rules 7003, 7004, 7008." *Espinosa*, 559 U.S. at 263-64.

A separate order denying confirmation of the debtor's Fifth Amended Chapter 13 Plan (ECF No. 69) with leave to file a sixth amended plan will enter.

Dated on July 23, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut